IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

RYAN ROSS
REG. #79419-080                                                                                              PETITIONER

VS.                                          2:05CV00103 JTR

LINDA SANDERS, Warden,
FCI, Forrest City, Arkansas                                                                            RESPONDENT

## MEMORANDUM ORDER

Petitioner, who is currently incarcerated at the Federal Correction Institute in Forrest City, Arkansas, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Docket entry #1.) Respondent has filed a Motion to Dismiss. (Docket entry #9.) Petitioner has filed a Reply. (Docket entry #10.) Thus, the issues are joined and ready for disposition.

For the reasons stated below, the Motion to Dismiss will be granted based on lack of subject-matter jurisdiction, and this case will be dismissed, without prejudice.[1]

### I. Background

On June 30, 1997, Petitioner pled guilty, in the United States District Court for the Western District of Texas, to conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. §846. (Docket entry #9, Ex. 2 at docket entry #59.) On September 9, 1997, Petitioner filed objections to various provisions of his presentence report (docket entry #1, Ex. A), and, on October 2, 1997, Petitioner was sentenced to 235 months in the Bureau of Prisons. (Docket entry #9, Ex. 2 at docket entry #83.)

On October 6, 1997, Petitioner filed a Notice of Appeal (docket entry #9, Ex. 2 at docket

---

[1] The parties have consented in writing to proceedings before a United States Magistrate Judge. (Docket entry #11.)

entry #90) to the Fifth Circuit Court of Appeals.  On January 8, 1998, Petitioner filed a Motion to Vacate with the trial court, pursuant to 28 U.S.C. § 2255.  (Docket entry #9, Ex. 3 at docket entry #128.)   On March 26, 1998, the trial court entered an Order denying Petitioner's claim for relief under § 2255.  (Docket entry #9, Ex. 3 at docket entry #158.)  On September 15, 1998, the Fifth Circuit granted the Government's Motion to Dismiss Petitioner's appeal (docket entry #9, Ex. 3 at docket entry #167), and, on October 10, 2000, it denied his petition to file a second motion for relief pursuant to 28 U.S.C. § 2255.  (Docket entry #9, Ex. 3 at docket entry #175.)

On October 31, 2005, Petitioner initiated this habeas action (docket entry #1) in which he challenges various aspects of the calculations used by the trial court in arriving at his sentence under the Sentencing Guidelines.  Specifically, Petitioner alleges that, during his sentencing, he objected to those portions of his Presentence Report which addressed: (1) the offense conduct; (2) the drug quantity; (3) his role in the offense; (4) his acceptance of responsibility; and (5) the "sentencing options."  (Docket entry #1, p. 10.)  According to Petitioner, if the sentencing judge had accepted his objections, it would have resulted in a maximum total offense level of no more than 24, for a guideline range of 51 to 63 months, rather than the 235 months which was imposed by the trial court.  Thus, Petitioner argues that he was erroneously sentenced in violation of his Fifth, Sixth, and Fourteenth Amendment rights as set forth in *Shepard v. United States*, 544 U.S. 13, 19-21 (2005) (Sixth Amendment protections apply to disputed facts about a prior conviction that are not evident from "the conclusive significance of a prior judicial record"); *Blakely v. Washington*, 542 U.S. 296 (2004) (Sixth Amendment requires proof to a jury beyond a reasonable doubt with regard to facts that increase a defendant's maximum sentence); *United States v. Booker*, 543 U.S. 220 (2005) (applying *Blakely* rule to the Sentencing Guidelines); *Apprendi v. New Jersey*, 530 U.S. 466, 483

(2000) (Sixth Amendment does not permit a defendant to be "expose[d]. . . to a penalty exceeding the maximum he would receive if punished according to the facts reflected in the jury verdict alone"); and *In re Winship*, 397 U.S. 358 (1970) (due process requires proof of each element of a criminal offense beyond a reasonable doubt).

## II. Discussion

It is well settled that a challenge to a federal conviction or sentence must be raised in a motion to vacate that is filed in the *sentencing court* under 28 U.S.C. § 2255, and *not* in a habeas petition filed in the *court of incarceration* under 28 U.S.C. § 2241. *See DeSimone v. Lacy,* 805 F.2d 321, 323 (8th Cir. 1987). However, § 2255 contains a savings clause, which provides that the court of incarceration can hear a challenge to a federal sentence or conviction that is brought in a § 2241 habeas petition *only* in the rare instance in which the remedy under § 2255 is "inadequate or ineffective." *United States v. Lurie*, 207 F.3d 1075, 1077-78 (8th Cir. 2000); *DeSimone*, 805 F.2d at 323. In other words, the court of incarceration has subject matter jurisdiction over a collateral attack on a conviction or sentence rendered by another district court only if the remedies in the sentencing district are inadequate or ineffective. *DeSimone*, 805 F.2d at 323. Importantly, it is the petitioner's burden to establish that his remedies in the sentencing jurisdiction are inadequate or ineffective. *Lurie,* 207 F.3d at 1078.

In *Lurie*, the Eighth Circuit made it clear that establishing an "inadequate or ineffective" remedy requires more than merely demonstrating that there is a procedural bar to bringing a § 2255 motion. *Lurie*, 207 F.3d at 1077. Specifically, the Court held that a § 2255 motion is *not* "inadequate or ineffective" merely because: (1) "§ 2255 relief has already been denied"; (2) "the petitioner has been denied permission to file a second or successive § 2255 motion"; (3) "a second

or successive § 2255 motion has been dismissed"; or (4) "the petitioner has allowed the one year statute of limitations and/or grace period to expire." *Id.* In other words, a petitioner cannot file a § 2241 habeas petition in the district of incarceration merely because he no longer has any remaining avenues for redress in the district where he was convicted and sentenced. Thus, in this case, Petitioner has not met his burden of showing that § 2241 jurisdiction is appropriate, *i.e.*, that his remedies in the sentencing jurisdiction are inadequate or ineffective.

While Petitioner argues at length in his Reply that the *Booker* rule is retroactive (*see* docket entry #10), he is mistaken. The Eighth Circuit has explicitly held that *Booker* and *Blakely* do *not* apply retroactively to habeas cases in which a petitioner seeks to collaterally attack his sentence. *See Gutierrez v. United States*, 2006 WL 1069439 (8th Cir. 2006) (unpublished *per curiam*) (citing *Never Misses A Shot v. United States*, 413 F.3d 781 (8th Cir. 2005) (*per curiam*)); *see also McCollum v. Revell*, 2006 WL 1663735 (S.D. Ill. 2006) (*Shepard*, like *Booker* and *Blakely*, was based on *Apprendi*, and does not apply retroactively) and *United States ex rel. Perez v. Warden*, 286 F.3d 1059, 1063 (8th Cir. 2002) (*Apprendi* is not retroactive). For this reason, the Court concludes that the § 2255 savings clause does not apply and it lacks subject matter jurisdiction over this § 2241 habeas action.

### III. Conclusion

IT IS THEREFORE ORDERED that Respondent's Motion to Dismiss (docket entry #9) be GRANTED, and that this habeas action is DISMISSED, WITHOUT PREJUDICE.

Dated this 16th day of August, 2006.

_____
UNITED STATES MAGISTRATE JUDGE